## In re BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, Petitioner.

### No. 93–1290.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 3, 1993.

Decided April 29, 1993.

---

Robert Wilson McKinley, Kansas City, MO, for petitioner.

Kevin R. Thomas, Independence, MO, for respondent.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Business Men's Assurance Company of America (BMA) petitions for a writ of mandamus ordering the district court to retain jurisdiction of a vexatious refusal-to-pay claim brought against BMA by William A. Rodgers. We deny the petition.

Rodgers obtained BMA health insurance through his wife's employer, Family Institute (FI). After BMA denied Rodgers's claims for benefits, Rodgers filed this action in state court. BMA removed the case to federal district court, claiming ERISA preempted the state action because the health insurance policy was an employer-purchased plan. Rodgers petitioned for remand, claiming the policy was not an employee welfare benefit plan.

The district court could not determine whether FI had established and maintained an ERISA plan because it was unclear whether FI did more than collect and mail insurance premiums. The court resolved its doubt about federal question jurisdiction in favor of remand under 28 U.S.C. § 1447(c), and it declined to rule whether ERISA would control the remanded action. BMA challenges the correctness of the district court's remand order.

In general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *See* 28 U.S.C. § 1447(d) (1988); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342–43, 96 S.Ct. 584, 588–89, 46 L.Ed.2d 542 (1976); *Farm Credit Bank v. Finstrom*, 888 F.2d 559 (8th Cir.1989) (per curiam). This is true "whether or not that order might be deemed erroneous by an appellate court." *Thermtron*, 423 U.S. at 351, 96 S.Ct. at 593. Although there are some exceptions to the general rule immunizing remand orders from review, *see, e.g., id.* at 345–46, 351, 96 S.Ct. at 590–91, 593 (remand based on grounds outside § 1447(c)); *In re Resolution Trust Corp.*, 888 F.2d 57, 58–59 (8th Cir.1989) (review authorized by another statute); *In re Life Ins. Co. of N. Am.*, 857 F.2d 1190, 1193 (8th Cir.1988) (substantive ruling on federal law that binds the state court), none of the exceptions apply in this case. Because the district court's order is based on a lack of federal question jurisdiction, the remand order is unreviewable. *National City Bank v.*

*Coopers & Lybrand,* 802 F.2d 990, 993 (8th Cir.1986).

■ BMA also contends the district court should have held an evidentiary hearing to resolve its doubts about federal jurisdiction. *See Deibler v. United Food & Commercial Workers' Local Union 23,* 973 F.2d 206, 209 (3d Cir.1992) (existence of ERISA plan is factual question). We disagree. As the party seeking removal and opposing remand, BMA had the burden of establishing federal subject matter jurisdiction. *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n. 13 (8th Cir.1978). The district court was required to resolve all doubts about federal jurisdiction in favor of remand. *See Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). BMA did not request an evidentiary hearing, and the district court did not abuse its discretion by not conducting a hearing on its own motion.

The petition for writ of mandamus is denied.