William (Bill) **THORNTON,** Individually and as Parent and Next Friend of Lisa Thornton; and Sycamore Resources, Inc., Plaintiffs–Appellees,

v.

Lori **HOLLOWAY** and James Holloway, Defendants–Appellants.

In re Lori and James **HOLLOWAY,** Petitioners.

No. 95–1848.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1995.

Decided Nov. 27, 1995.

---

A.J. Kelly, Little Rock, Arkansas, for appellant.

Steven A. Owings, Little Rock, Arkansas, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Arkansas [1] remanding to a state court a civil action which had been removed by Lori and James Holloway. After filing their notice of appeal, the Holloways asked us to treat their appeal as including also a petition for writ of mandamus. They did so by filing a motion for leave to proceed with consolidated appeal and petition for writ of mandamus. This motion is granted.

■ The case began when William Thornton and Sycamore Resources, Inc., sued Lori and James Holloway in the Circuit Court of White County, Arkansas. The complaint, on its face, alleges only state-law claims. After removal had been effected by the Holloways, the District Court remanded the case to the state court on the ground of lack of jurisdiction. The District Court held that the complaint did not allege any claim within the original jurisdiction of the federal district courts, and, therefore, that the case was not removable under 28 U.S.C. § 1441(b). We have no jurisdiction to review this holding, by appeal or otherwise. Section 1447(d) of Title 28 expressly provides, with an exception that we shall shortly discuss, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ." See *e.g.*, *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 182–83 (8th Cir.1993) (per curiam).

■ Section 1447(d) does contain an exception for cases removed pursuant to 28 U.S.C. § 1443, and the Holloways claim the benefit of this exception. Specifically, they argue that this case was properly removed because it is a civil action "[f]or . . . refusing to do [an] act on the ground that it would be inconsistent with" a law providing for the equal civil rights of citizens of the United States. 28 U.S.C. § 1443(2). We are authorized to review the district court's determination that the case was not removable on this ground, but we see no error. The Holloways do not point out any act that they refused to do on the ground of inconsistency with any law providing for the equal civil rights of citizens of the United States. They do argue that the state-law action filed against them is based, in part, on a claim that they defamed Mr. Thornton in a charge filed against him in a Title VII sex-discrimination case now before the Equal Employment Opportunity Commission. Assuming that this claim is well taken—that one of the bases of the complaint filed by Mr. Thornton is in fact statements made by the Holloways to the EEOC—we still do not see how the Holloways have brought themselves within that portion of § 1443(2) on which they rely in their brief. They have not alleged that they have refused to do any act on the ground that it would be inconsistent with a law guaranteeing equal rights.

Mr. Thornton urges, in addition, that 28 U.S.C. § 1443 is, in any case, limited to laws having to do with racial discrimination, and that it has no application to a case, such as the present one, in which a claim of sex discrimination is involved. The Holloways counter that after the enactment of the Civil Rights Act of 1991 the prohibition in Title VII of discrimination based on sex has become a law guaranteeing equal civil rights

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

**524**

within the meaning of § 1443. Our disposition of the case makes it unnecessary for us to address this argument. Even if the argument is well taken as a matter of law, the Holloways have still not brought themselves within the language of that portion of § 1443(2) on which they rely.

To the extent that the District Court's order is based on its construction of 28 U.S.C. § 1441, the appeal is dismissed, and the petition for writ of mandamus denied, for want of jurisdiction in this Court. To the extent that the District Court's order reflects its rejection of the Holloways' reliance on 28 U.S.C. § 1443, the order is affirmed, and the petition for writ of mandamus is dismissed.

It is so ordered.[2]

---

2. The motion of appellants to supplement the record is granted, and we have considered the material submitted with the motion.