# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1635WM

_____

| | | |
|---|---|---|
| Country Club Estates, L.L.C.; | * | |
| Country Club Estates, Inc.; | * | |
| Villas of Loma Linda, L.L.C.; | * | |
| Loma Linda Estates, Inc.; | * | |
| Excalibur Land and Investments, Inc.; | * | |
| and Loma Linda Development, Inc., | * | On Appeal from the United |
| | * | States District Court |
| Appellants, | * | for the Western District |
| | * | of Missouri. |
| v. | * | |
| | * | |
| | * | |
| The Town of Loma Linda, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 18, 2000

Filed: June 14, 2000

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The appellants in this case (plaintiffs in the District Court) are Country Club
Estates, a limited liability company, and other affiliated companies operating businesses

and owning land in Newton County, Missouri. The appellee (defendant in the District Court) is the town of Loma Linda, Missouri. The plaintiffs challenge the legality of various zoning and taxing actions taken by the Town. In addition, they assert that the Town is in fact not a town, but was illegally formed and has no valid existence as a municipality under Missouri law. The Town filed a motion to dismiss the complaint. The District Court treated the motion as one for summary judgment and granted it. The plaintiffs appeal.

Two main questions are presented: whether this case was within the federal-question removal jurisdiction of the District Court, and whether that Court erred in converting defendant's motion to dismiss into a motion for summary judgment without notice to the plaintiffs. We hold that the District Court did have jurisdiction, and that plaintiffs did not have sufficient notice that the motion to dismiss was going to be treated as one for summary judgment. Accordingly, the judgment will be reversed, and the case remanded to the District Court for further proceedings not inconsistent with this opinion. The facts will be stated in more detail as they become relevant to our discussion.

I.

The complaint consists of five counts. Counts I, II, and III are brought in quo warranto, a form of action in which the legal validity of a town or other public entity is drawn in question. Quo warranto is traditionally brought by the sovereign, or some representative of the sovereign. Accordingly, the complaint alleges in paragraph 3, that

> Greg Bridges, the prosecuting attorney of Newton County, Missouri, has authorized relators [that is, plaintiffs] to prosecute this action to final conclusion in the name of the prosecuting attorney of Newton County, Missouri.

Joint Appendix (JA) 14. Count IV, brought by the plaintiffs in their own names and capacities, requests a declaratory judgment that certain zoning regulations adopted by the town are invalid. Count V, again brought by plaintiffs on their own behalf, requests a declaratory judgment that certain efforts by the town to collect real estate taxes are invalid.

The case was originally brought in a state court, the Circuit Court of Newton County, Missouri. The defendant Town removed the case to the District Court. The plaintiffs moved to remand, asserting that the District Court had no jurisdiction. Under 28 U.S.C. § 1441(b), the removal statute, any civil action "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." So the question becomes whether the action as originally brought would have been within the District Court's federal-question jurisdiction, see 28 U.S.C. § 1331, if it had been filed in a federal district court in the first place. We think that the answer is yes, and that the District Court correctly denied the motion to remand.

The complaint quite clearly alleges a violation of the federal Constitution at several points. In particular, paragraph 14, JA 16-17, makes the following assertion:

> The Court order [referring to an order of the County Commission of Newton County, Missouri, purporting to establish the Town of Loma Linda] is further invalid because Relators were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri and the Constitution of the United States of America, including those provisions which prohibit the taking of property without due process of law, which process requires proper notice.

-3-

The reference to the Constitution of the United States is unequivocal. If the Due Process Clause of the Fourteenth Amendment is given one construction, the claim will prevail; if it is given another, the claim will fail. This is a paradigm case for arising-under jurisdiction.

Plaintiffs, insisting that the case should have been remanded to the state court, point out that most of their complaint alleges violations of state law, including state statutes laying out the procedures for the creation of municipal corporations. They assert, in addition, that not every case in which a federal question somehow arises is within the original jurisdiction of federal courts created by Section 1331. Both of these assertions are true, but, in the context of the present case, they are not relevant. A complaint that pleads violations of both state and federal law is within the original jurisdiction of a federal district court. See, e.g., Lacks v. Ferguson Reorganized School District R2, 147 F.3d 718, 721 (8th Cir. 1998), cert. denied, 526 U.S. 1012 (1999); Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 541-42 (8th Cir. 1996). And here, the federal question arises not by way of defense, but on the face of the complaint. It is part of the plaintiffs' cause of action, as demonstrated by the words they themselves selected. So the federal court had jurisdiction of the case on account of the inclusion of federal claims in the complaint. Whether that jurisdiction, in its exercise, should extend to the consideration of the state-law issues also contained in the complaint raises a question of supplemental jurisdiction under 28 U.S.C. § 1367. Once the District Court had decided that removal was proper, both parties urged it to exercise supplemental jurisdiction over the state-law aspects of the case, and the Court, in a separate order, agreed. Neither side contests this particular action in this Court.

In sum, the case was properly removed under 28 U.S.C. § 1441(b), and the District Court was right to deny the motion to remand.

II.

The other question, and the more difficult one, has to do with the procedure by which the District Court granted summary judgment in favor of the defendant.

On September 11, 1998, less than two weeks after the District Court's order assuming supplemental jurisdiction of the state-law claims, the defendant filed a "Motion to Dismiss." The motion asserted that "the Petition lacks an arguable basis in law and fact." JA 74. The motion was accompanied by Suggestions, which, in brief, asserted two major grounds in support of dismissal. First, defendant argued that plaintiffs had no standing to file Counts I, II, and III of their complaint, because the State had not authorized the action in the nature of quo warranto. In support of this contention, defendant attached to its Suggestions what purported to be a letter from Greg R. Bridges, Prosecuting Attorney of Newton County, Missouri. The letter, dated April 14, 1998, was addressed to the attorney for Plaintiffs, was captioned in the state-court case (removal not yet having occurred), and stated that Mr. Bridges, the writer of the letter, had not authorized the plaintiffs to file their complaint in his name. The alleged letter continued:

> . . . I believe the law holds that the action must be filed by me before it can be legally maintained. As a consequence, I request you dismiss the lawsuit forthwith . . . [I]f the case is not dismissed, I will intervene and ask the Court to dismiss it on my own motion.

JA 86.

With respect to Counts IV and V, the motion to dismiss asserted that plaintiffs had not exhausted administrative remedies. The motion argued that plaintiffs could have, but did not, attempt to persuade the town to modify its zoning ordinance, nor did they pursue administrative remedies available to them to avoid or modify the

-5-

consequences of the taxing ordinances in question. The defendant attached to its Suggestions documents that it asserted to be copies of the zoning and taxing ordinances and related forms. The Motion to Dismiss did not refer to any of the Federal Rules of Civil Procedure. The motion's assertion that the complaint lacked any arguable basis in law or fact, however, may indicate that it was intended to be a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted. Nowhere in the motion, the Suggestions, or the attached exhibits did the words "summary judgment" appear. Nor did any of these papers refer to Fed. R. Civ. P. 56.

Nothing happened until October 19, 1998. On that day, plaintiffs filed a "Motion for Extension of Time to Respond to Motion to Dismiss." JA 129. An extension until November 1, 1998, was prayed for. Among other things, the motion for extension of time contained the following statement:

> 3. That Relators/Plaintiffs response to said motion to dismiss may require supporting affidavits.

On November 5, 1998, the District Court entered an order granting the requested extension of time. The extension, however, had already expired, and plaintiffs never filed, then or later, any response to the motion to dismiss.[1]

---

[1]Also on November 5, 1998, the District Court entered an order directing the parties to file a proposed scheduling order/discovery plan under W.D. Mo. R. 16.1(d). Plaintiffs' counsel was to take the lead in preparing the plan, and the order provided that a proposed plan had to be filed within ten days from the date of the order. The order further stated: "Failure to comply with this Order will result in dismissal of the case." JA 132. No plan was ever filed. On appeal, defendant suggests to us that the District Court's order dismissing the complaint could be affirmed on the ground of plaintiffs' failure to file the required scheduling order/discovery plan. The District Court could, in the exercise of its discretion, have used this failure as a ground for dismissal. As we

On December 7, 1998, the District Court entered an order dismissing the complaint. The order referred to defendant's "Motion to Dismiss," JA 133, but went on to note that "evidence outside the pleadings," ibid., had been attached to the motion. The Court said it would consider this evidence, thus converting the motion to dismiss into one for summary judgment, see Fed. R. Civ. P. 12(c). Considering the motion as one for summary judgment, the District Court noted that plaintiffs had not responded to the motion, or attempted in any way to controvert the facts set forth in the motion. The Court then held that the quo warranto counts of the complaint had to be dismissed because they had been disavowed by the prosecuting attorney. The Court dismissed Count IV on the ground of failure to exhaust administrative remedies. Count V was dismissed because, in the Court's view, the tax levies about which plaintiffs were complaining were passed in accordance with state law. The Court further observed that plaintiffs had not produced any evidence, apart from the allegations in their complaint, from which the Court could find that the taxes imposed by the defendant Town were invalid. "A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint." JA 138.

On appeal, plaintiffs' principal argument is that the District Court erred in converting the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment under Fed. R. Civ. P. 56. Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56. This is the procedure that the District Court followed. Under our cases, however, a party against whom this procedure is used (here, the plaintiffs)

shall see, however, it did not. Dismissal was based on the merits of the motion to dismiss (treated as a motion for summary judgment). We cannot assume that the District Court would have exercised its discretion to impose a dismissal sanction for failure to file the required plan. Instead, we must review the action before us.

is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment. The general rule in this Circuit is that "strict compliance" with this notice procedure is required. See Kaestel v. Lockhart, 746 F.2d 1323, 1324 (8th Cir. 1984) (per curiam). Defendant acknowledges the general rule but asserts that there are exceptions. The error could, for example, be harmless if, in fact, there was nothing that plaintiffs could have presented by way of countervailing evidence. See Madewell v. Downs, 68 F.3d 1030, 1048 (8th Cir. 1995). Further, constructive notice that the court intends to consider matters outside of the complaint can be sufficient. See Angel v. Williams, 12 F.3d 786, 788 (8th Cir. 1993).

The application of these principles to the present case is not without difficulty, but, on reflection, we conclude that the entry of summary judgment must be reversed. In the first place, it is clear that "strict compliance" with the conversion procedure did not take place. No notice of any kind was ever given to plaintiffs that the Court intended to consider the evidentiary matters attached to the motion to dismiss. The words "summary judgment" or "Rule 56" were never uttered, either by the Court or by the defendant, until the entry of the Court's order finally dismissing the complaint. Certainly plaintiffs knew that extraneous matters had been attached to the motion to dismiss, but they did not know that defendant intended these matters to be considered by the Court in a Rule 56 context, because defendant never revealed any such intention. The Town argues that plaintiffs recognized that they needed to respond to the motion to dismiss with affidavits, thus implicitly acknowledging that the true nature of the motion to dismiss was one for summary judgment. The only basis for this argument, however, is paragraph 3 of plaintiffs' motion for extension of time, which says merely that plaintiffs' "response to said motion to dismiss may require supporting affidavits" (emphasis supplied). The letter of the prosecuting attorney attached to the motion to dismiss was not verified or authenticated in any way. It was not accompanied by an affidavit of the prosecuting attorney himself, nor did defendant even file an affidavit

-8-

asserting that its own lawyer recognized the signature on the letter as being that of Mr. Bridges. A careful lawyer paying attention to the details of the Federal Rules of Civil Procedure could well have reasoned that the letter was a legal nullity, and that there was no need to respond to it by affidavit or otherwise. It could also be said that a careful lawyer would have filed some kind of response to the motion to dismiss. But the absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits, and here the Court could properly get to that point only if plaintiffs had at least some reason to know that the motion was going to be converted into one for summary judgment.

So plaintiffs had no notice, actual or constructive, of this impending conversion. Can the error be characterized as harmless? We think not. Plaintiffs assert, both in their brief to this Court and on oral argument, that they could in fact have produced countervailing affidavits. They claim that they could have established that the prosecuting attorney had changed his mind, or would do so. In addition, they argue that they could have shown that they in fact had taken action to exhaust administrative remedies. We cannot predict what the outcome of these issues on their merits would have been, or will be on remand. We certainly cannot say, at this juncture, that the outcome will certainly be in defendant's favor. Accordingly, the judgment must be reversed, and the case remanded for further proceedings. We suggest that, on remand, the District Court give plaintiffs an appropriate opportunity to respond to defendant's motion, this time with a clear understanding that the motion is being treated as one for summary judgment. We suggest, in addition, that defendant, if it wishes to have the attachments to its motion considered by the Court, have them properly authenticated or verified by affidavit.

Reversed and remanded.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.