# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2834WM

_____

| | | |
|---|---|---|
| Country Club Estates, L.L.C., Country | * | |
| Club Estates, Inc., Villas of Loma | * | |
| Linda, L.L.C., Loma Linda Estates, | * | |
| Inc., Excalibur Land and Investments, | * | |
| Inc., Loma Linda Development, Inc., | * | On Appeal from the United |
| | * | States District Court for |
| Appellants, | * | Western District of |
| | * | Missouri. |
| v. | * | |
| | * | [To Be Published] |
| | * | |
| Town of Loma Linda, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  January 14, 2002
Filed:  February 22, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

The question presented is the validity under Missouri law of a zoning ordinance adopted by the Town of Loma Linda, Missouri. Under the ordinance, one-family dwellings of a single story must have a minimum of 1,800 square feet of above-ground living space, if they are located within a certain part of the Town. Plaintiffs own land affected by the ordinance. Under covenants applicable to the

property, a minimum square footage of 1,640 was already in effect. Plaintiffs claim that the requirement of an additional 160 square feet is unreasonable and unrelated to the public health, welfare, or safety. Mo. Rev. Stat. § 89.040 (2000).

The District Court[1] held, on motion for summary judgment, that the ordinance was not unreasonable or invalid for any of the reasons claimed. Plaintiffs argue that they were not allowed a fair chance to counter this point, but, as the District Court pointed out, plaintiffs themselves argued the merits of the issue in their suggestions in opposition to the motion for summary judgment. We agree with the District Court. Missouri cities have broad power to enact such zoning plans. Aesthetic requirements are among the policies that cities may pursue. See Stoyanoff v. Berkeley, 458 S.W.2d 305, 310 (Mo. 1970) (per curiam).

To the extent that plaintiffs are arguing that the ordinance is unreasonable or invalid as applied to them, as opposed to being invalid on its face, the District Court held that they had failed to exhaust their administrative remedies, and that the case was, accordingly, not ripe for disposition. We agree. Mo. Rev. Stat. § 89.100 (2000). Plaintiffs could have, but did not, seek a waiver from the Trustees of the Town.

Accordingly, substantially for the reasons set out in the opinion of the District Court, we affirm.[2]

---

[1]The Hon. Gary Fenner, United States District Judge for the Western District of Missouri.

[2]For an earlier stage of this case, involving the claim that the Town had not been lawfully created under Missouri law, and that the ordinance was invalid for that reason, see Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001 (8th Cir. 2000). This claim was dismissed on remand after the prior appeal and is no longer in the case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.