Kathy WEBB, on behalf of herself and all others similarly situated, Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP, INC., Granite States Insurance Company and American International South Insurance Company, Defendants.

No. 5:02–CV–00478–WRW.

United States District Court, E.D. Arkansas, Western Division.

Aug. 19, 2003.

Thomas P. Thrash, Attorney at Law, Little Rock, AR, Don Barrett, Barrett Law Office, Lexington, MS, Charles F. Barrett, Barrett Law Office, P.A., B.F. Pierce Gore, Attorney at Law, Nashville, TN, Morris A. Ratner, Lieff, Cabraser, Heimann & Bernstein, LLP, New York City, Dewitt M. Lovelace, Lovelace Law Firm, Destin, FL, for plaintiff.

Paul G. Karlsgodt, John B. Moorhead, Baker & Hostetler LLP, Denver, CO, Byron L. Freeland, Leigh Anne Shults, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, AR, for defendants.

## ORDER

WILSON, District Judge.

Pending is Plaintiff's Motion to Remand (Doc. No. 5) to the Circuit Court of Jefferson County, Arkansas. Defendants have responded (Doc. No. 18). For the following reasons, Plaintiff's Motion to Remand is GRANTED.

## I. Background

Plaintiff filed a class action against Defendants in Jefferson County Circuit Court, on behalf of herself and those similarly situated, alleging statutory deceptive practices, fraudulent concealment, conversion, and conspiracy. The class has not yet been certified in state or federal court. Plaintiff alleges that Defendants "engaged in a deceptive scheme devised to induce consumers into purchasing high priced private passenger auto insurance policies by concealing from them the availability of identical lower priced policies sold by, functionally, the same company." [1]

Defendants removed this case to federal court, asserting diversity jurisdiction. Plaintiff moved to remand, contending that this federal court lacks jurisdiction because the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has not been met.

## II. Discussion

■ Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." [2] Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. [3] A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. [4] This requirement is met in one of two ways: (1) case in question involves a federal question, (2) diversity jurisdiction exists. In a case where the plaintiff's pleadings do not allege a federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states." [5] In the present case, it is undisputed that diversity of citizenship exists; the question is whether the $75,000 statutory minimum is met.

### A. Burden of Proof

■ "As the party seeking removal and opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction." [6] Typically, diversity cases are originally filed in federal court. There is a presumption of truth given to the plaintiff in establishing the amount for federal jurisdiction, therefore, a higher standard is warranted when defendant is moving for the remand. To have the case dismissed or removed for lack of jurisdiction the defendant must show to a legal certainty that the amount in controversy does not meet the $75,000 requirement. [7] Here, however, Plaintiff originally filed in state court, Defendant removed the case to federal court, and now Plaintiff moves to have the case remanded to state court.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, [8] the Supreme Court held that "[i]f [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less that the jurisdictional amount, and though he would

---

1. Doc. No. 6.

2. *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

3. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997).

4. 28 U.S.C. § 1441(a).

5. 28 U.S.C. § 1332(a).

6. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir.1969); *In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir.1993).

7. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

8. 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

be justly entitled to more, the defendant cannot remove." [9] Additionally, lower federal courts generally have held that if the amount *is specified* and the action was originally filed in state court, the burden is on the party moving to invoke federal jurisdiction, usually the defendant, to establish to a legal certainty that the amount in controversy exceeds $75,000.[10]

Here Defendants claim that, by asking for injunctive relief, Plaintiff failed to specify the amount in controversy. Assuming that Defendants are correct, that Plaintiff has *not* specified the amount, I must determine whether Defendants have proven that the amount in controversy requirement has been met. However, the burden of proof required by Defendants when the complaint *does not specify* an actual amount of damages is unclear, because Circuit Courts are split, and the Eighth Circuit has not yet resolved this issue.[11]

When presented with this issue, other Circuit Courts generally have taken three different approaches to determine whether the defendant met its burden. One approach, adopted by the Eleventh Circuit, requires the defendant to prove by a "legal certainty" that the amount in controversy exceeds $75,000.[12] A second approach, adopted by the Fifth, Ninth, and Tenth Circuits, compels the defendant to establish the amount in controversy "by a preponderance of the evidence." [13] A third approach, adopted by the Second and Seventh Circuits, requires the defendant to establish the amount in controversy by a "reasonable probability." [14] For the reasons below, I hold Defendants have not met their burden, regardless which standard is used.

## B. The Non–Aggregation Rule

Plaintiff seeks to enjoin Defendants' alleged practice of offering different prices for identical insurance policies. Defendants contend that, although Plaintiff waived all damages over $74,999, the value of the injunctive relief has not been considered.[15] Additionally, Defendants claim that injunctive relief constitutes a common

---

**9.** 303 U.S. at 294, 58 S.Ct. 586.

**10.** *Crosby v. America Online, Inc.,* 967 F.Supp. 257 (N.D.Ohio 1997).

**11.** *Radmer v. Aid Association for Lutherans,* 2000 WL 33910093 *2 (W.D.Mo. April 27, 2000).

**12.** *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

**13.** *Hartford Insurance Group v. Lou–Con Inc.,* 293 F.3d 908 (5th Cir.2002); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284 (10th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998) (holding, "in removal practice, when a complaint does not allege a specific amount in damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"); *Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398, 404 (9th Cir.1996) (The court directly addressed the issue and concluded that "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

**14.** *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2nd Cir.2000) (Defendant seeking to remove an action to federal court on the basis of diversity "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). The difference between "a preponderance" and a "reasonable probability," I leave to the word merchants of the federal judiciary.

**15.** Paragraph 32 of Plaintiff's Complaint provides:

The total amount in controversy as to Plaintiff and each individual member of the Class does not exceed $74,999 each. The Plaintiff and each member of the Class waive any claim in excess of $74,999 each or which would result in compensation, re-

and undivided interest, and may be aggregated to chin the jurisdictional pole. Therefore, according to Defendants, the value of the injunctive relief along with the damages will exceed the $75,000 requirement.

The Supreme Court and the Eighth Circuit have often discussed the aggregation of damages question. In *Zahn v. International Paper Company*, the Supreme Court held:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount, but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.[16]

The Court further noted:

> This distinction and rule that multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit in the federal courts were firmly rooted in prior cases dating from 1832, and have continued to be the accepted construction of the controlling statutes .... [17]

In *Trimble v. Asarco, Inc.*, the Eighth Circuit adopted the *Zahn* reasoning holding that "the rule of *Zahn* remains viable notwithstanding Congress's enactment of § 1367." [18] Therefore, "members of the putative plaintiff class must each satisfy the jurisdictional amount in controversy requirement under 28 U.S.C. § 1332 for the court to exercise subject matter jurisdiction over their cognizable state law claims." [19] The following year, in *Crawford v. F. Hoffman–La Roche Ltd.*,[20] the Eighth Circuit applied the *Zahn* reasoning to claims for punitive damages, restitution, and attorney fees and held that none could be aggregated in order to meet the amount in controversy requirement.[21]

■ In the present case, Defendants contend that the injunctive relief sought by Plaintiff *should* be aggregated because Plaintiff seeks to enforce a single, undivided interest. Defendants claim that the cost of the injunction as applied to them would be identical, regardless of the number of plaintiffs. Defendants also assert that injunctive relief will benefit the public at large as well as the putative class as a whole and, therefore, should be construed as enforcing a single right or title in which the class members have a common undivided interest.[22] Although the *Zahn* Court

---

covery or judgement against the Defendants in excess of $74,999 each for each Plaintiff and Class Member. There is no federal diversity jurisdiction. The claims asserted by Plaintiff and the Class invokes (sic) no federal question or statute and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states and intends to state causes of actions (sic) solely under state law and expressly denies any attempt to state a cause of action under federal law or a cause of action in excess of $74,999 for Plaintiff and each individual member of the Class.

**16.** *Zahn v. International Paper Company*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

**17.** *Id.* at 294–95, 94 S.Ct. 505.

**18.** *Trimble v. Asarco, Inc.*, 232 F.3d 946, 962 (8th Cir.2000).

**19.** *Id.*

**20.** 267 F.3d 760 (8th Cir.2001).

**21.** *Id.* at 767 (noting that an exception exists in the aggregation of attorney fees when a state statute allows only for the fees to be awarded to the named member of the class action).

**22.** Doc. No. 12.

recognized an exception to the non-aggregation rule when "several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest," [23] I do not believe the exception fits this case.

Here, the right sought to be protected is capable of being enforced by any one plaintiff independent of the other members of the class. Because this matter can be adjudicated by one class member without implicating the rights of everyone involved in the suit, it does not qualify as an exception to the *Zahn* non-aggregation rule.[24] The Eighth Circuit has considered whether a monetary claim on an insurance policy represents a common undivided interest in a class action, and has held that "insurance contracts do not present common claims that can be aggregated in determining whether the jurisdictional amount is present." [25] Furthermore, the Court held that "each policy holder asserts an individual claim based upon that policy holder's individual contract." [26]

Similar "aggregation" arguments have been made regarding punitive damages, but the Eighth Circuit has ruled against the aggregation of punitive damages.[27] In *Crawford v. Hoffman–La*, the Court held that while punitive damages may be used to establish diversity jurisdiction they *may not be aggregated* to establish diversity jurisdiction.[28] Other Eighth Circuit district courts disallow the aggregation of injunctive relief holding, for example, that "a party may not aggregate damages, even equitable ones, in order to meet § 1332's requirements." [29] Applying these principles, I hold that allowing the aggregation of injunctive relief in this case would conflict with the reasoning in *Zahn*, therefore, it is not permitted in these circumstances.

### C. The View Point Argument

■ Defendants also contend that any injunction will cost them more than $75,000 and because the value of the injunction to the Defendants exceeds $75,000, the requirements of 28 U.S.C. § 1332(a) are satisfied. I disagree.

Defendants claim that they will lose millions of dollars following the implementation of the injunction because American International Group, Inc. (AIG) affiliates will be forced to discontinue offering alternative commissions for their policies. Defendants claim that without flexibility in pricing, independent contractors will not offer AIG policies as often because the commission rate will decrease. According to Defendants, if the value of the injunctive relief is measured by their point of view, the amount in controversy will surpass the $75,000 minimum required for diversity jurisdiction.[30] According to Plaintiff, each class member was overcharged an average of $55.55 per policy per year.[31] Since the aggregation of in-

23. *Zahn*, 414 U.S. at 294, 94 S.Ct. 505.

24. *Radmer*, 2000 WL 33910093 at *4.

25. *Burns v. Massachusetts Mutual Life Insurance Co.*, 820 F.2d 246, 250 (8th Cir.1987).

26. *Id.* at 251.

27. *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760 (8th Cir.2001).

28. *Id.* at 766.

29. *Dakis v. Allstate*, 2003 WL 118245, at *3 (D.Minn. Jan.8, 2003).

30. Using *Homan Drainage v. International Paper Co.*, Case No. 01–4037, slip op. at 2 (W.D.Ark. Apr. 26, 2001), Defendants argue that the "either viewpoint" approach is best because it allows the court to decide which viewpoint to use based on the facts of the case. Furthermore, Defendants claim this case will meet the requisite amount no matter which view point is used because aggregation of injunctive relief should be permitted in this case. I accept neither assertion.

31. Doc. No. 6, Exhibit A. "The value of the equitable relief is the savings that the class members will realize in future years because

junctive relief is not permitted and the amount in controversy must be determined from the plaintiff's viewpoint, the value of injunctive relief, to any class member, clearly does not exceed the $75,000 minimum.

The Eighth Circuit is definitive in its position that the "plaintiff's viewpoint" is the appropriate rule, holding that "the 'plaintiff's viewpoint' rule is the only valid rule." [32] In *Burns v. Massachusetts Mutual Life Insurance Co.*, the court held that "the amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced." [33] Most recently, in *Smith v. American States Preferred Insurance Company*, the court recognized that "circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount." [34]

### III. Conclusion

In the present case, I do not need to resolve the disagreement concerning the appropriate burden of proof. Defendants have failed to establish, even under the lowest standard, that the value of injunctive relief, when determined from the plaintiff's viewpoint and without aggregation, meets the amount in controversy requirement. Therefore, Plaintiff's Motion to Remand is GRANTED.

of the elimination of Progressive's commission overcharges."

**32.** *Massachusetts State Pharmaceutical Association v. Federal Prescription Service, Inc.*, 431 F.2d 130, 132 (8th Cir.1970).

**33.** 820 F.2d 246, 248 (8th Cir.1987).

**34.** 249 F.3d 812, 813–14 (8th Cir.2001). *See also Massachusetts State Pharmaceutical Association*, 431 F.2d at 132; (The amount in controversy is tested by the value of the suit's intended benefit to the plaintiff.)