John DOE, Plaintiff,

v.

HUNEGS, STONE, LeNEAVE, KVAS
& THORNTON, P.A., and Richard
Hunegs, individually, Defendants.

No. A1–03–009.

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 1, 2003.

William Delaney Schmidt, Schmitz
Moench and Schmidt, Bismarck, ND, for
plaintiff.

H. Patrick Weir, Sr., and Michael T.
Andrews, Vogel Law Firm, Bismarck, ND,
for defendants.

## ORDER GRANTING MOTION
## TO REMAND

HOVLAND, Chief Judge.

Before the Court is the Plaintiff's Motion to Remand the above-entitled action to the District Court for the State of North Dakota, South Central Judicial District, Burleigh County. The basis for remand is lack of jurisdiction under 28

U.S.C. § 1332, in that the amount in controversy is not in excess of $75,000.00. For the reasons outlined below, the Plaintiff's Motion to Remand is **GRANTED.**

## I. *BACKGROUND OF THE CASE*

The Plaintiff, John Doe, was injured by a train derailment at his home near Minot, North Dakota. Doe hired the Defendants (collectively referred to as "Hunegs") to represent him in his lawsuit stemming from the train derailment. The case settled in 1996, and Hunegs promised to keep the terms of the settlement confidential. Following another train derailment occurred in Minot in January of 2002, Doe alleges that Hunegs and his law firm disclosed the terms of his settlement agreement in an attempt to obtain new clients.

Doe brought suit against Hunegs in North Dakota district Court, Burleigh County, for Invasion of Privacy, Breach of Contract, and Legal Malpractice. Doe's prayer for relief stated:

 A. Awarding reasonable damages in excess of Fifty Thousand Dollar ($50,000.00) to Plaintiff John Doe.

 B. Awarding Plaintiff interest on his damages as provided by law together with his costs and disbursements incurred herein; and

 C. Granting Plaintiff such other or further relief as the Court deems just.

On July 8, 2003, Hunegs filed a Notice of Removal to Federal Court. Hunegs contends that "[w]hile not specifically pled, Defendants submit Plaintiff seeks damages in an amount in excess of $75,000, exclusive of interest and costs."

Doe has since filed a Motion of Remand based on the lack of federal jurisdiction because the amount in controversy requirement under 28 U.S.C. § 1332 has not been met. Hunegs responds by contending that a verdict in the case may reasonably exceed $75,000.00.

## II. *APPLICABLE LAW*

 Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. 1447(c). The removing party bears the burden of showing that removal was proper. *See In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1993); *see also Capehart–Creager Enterprises, Inc. v. O'Hara and Kendall Aviation, Inc.,* 543 F.Supp. 259, 262 (W.D.Ark. 1982). Removal statutes are strictly construed in favor of state court jurisdiction. *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). Federal district courts must resolve all doubts concerning removal in favor of remand. *Id.*

 District courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Whether a plaintiff satisfies the $75,000 amount in controversy requirement is a jurisdictional issue for the Court to decide. *See Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000). A complaint must be dismissed or the case remanded if it appears that the value of the claim is less than the required amount of $75,000. *Id.* The party opposing remand has the burden of establishing federal subject-matter jurisdiction. *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002). Where the complaint states a specific amount lower than the required amount, a defendant seeking removal must show that it appears to a legal certainty that the amount in controversy exceeds $75,000.00. *Dyrda v. Wal–Mart Stores, Inc.,* 41 F.Supp.2d 943, 946 (D.Minn.1999) (citing *Corlew v. Denny's Restaurant, Inc.,* 983 F.Supp. 878, 879 (E.D.Mo.1997) and *Central Associated Carriers, Inc. v. Nickelberry,* 995 F.Supp. 1031, 1033 (W.D.Mo. 1998)).

### III. **BURDEN OF PROOF**

Both parties concede that complete diversity exists, so the Court is concerned only with whether the amount in controversy requirement has been met. In order to prevail in its opposition to the motion to remand, Hunegs must establish that the amount in controversy exceeds $75,000. *Krahn v. Cross Country Bank,* No. Civ. 01–2069 (PAM/RLE), 2003 WL 21005295, (D.Minn. Apr. 23, 2003) (citing *Larkin v. Brown,* 41 F.3d 387, 388–89 (8th Cir.1994) and *Peterson v. BASF Corp.,* 12 F.Supp.2d 964, 968 (D.Minn.1998)); *see also Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000) ("When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.").

It is unclear what burden of proof is required by the party opposing remand when the complaint does not specify an actual amount of damages. *Webb v. American International Group, Inc.,* 277 F.Supp.2d 1014 (E.D.Ark.2003) (noting that the circuit courts are split as to what burden of proof is required when an amount is not specified and also stating that the Eighth Circuit has not yet resolved the issue). The Eleventh Circuit has adopted an approach that requires the defendant to prove by a "legal certainty" that the amount in controversy exceed $75,000. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). A second approach has been adopted by the Fifth, Ninth, and Tenth Circuits, which compels the defendant to establish the amount in controversy "by a preponderance of the evidence." *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir.2002); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). A third approach, adopted by the Second and Seventh Circuits, requires the defendant to establish the amount in controversy by a "reasonably probability." *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2nd Cir.2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997).

██ In this case, Doe has clearly stated in his complaint that he is seeking "reasonable damages in excess of Fifty Thousand Dollar ($50,000.00)." Counsel for the Plaintiff has assured the Court through his affidavit that Doe is not seeking actual damages in excess of $74,999.00. Schmidt Aff. p. 2. The Court believes that this sworn statement is binding on Doe in this Court as well as in any other court. However, Hunegs asserts that while Doe may not be seeking actual damages in excess of $74,999, this assertion does not determine whether the amount in controversy exceeds $75,000. Even if such an argument was dispositive of the issue before the Court, Hunegs has failed to provide any proof that Doe's actual damages and attorney's fees will total more than $75,000. Nor does Hunegs direct the Court to any authority exemplifying the typical award of fees and damages in a claim of Doe's type. Mere theoretical possibilities that the amount could exceed $75,000, does not demonstrate that the amount in controversy will exceed $75,000. Thus, the Court finds that regardless of what burden of proof is applied (i.e. legal certainty, preponderance of the evidence, or clear and convincing evidence) Hunegs has not shown that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

## IV. CONCLUSION

The Court concludes that removal jurisdiction is lacking and that a remand to state court is appropriate. Accordingly, the Court **GRANTS** Doe's Motion to Remand (Docket No. 4) and remands this action back to the District Court for the State of North Dakota, South Central Judicial District, Burleigh County.

**IT IS SO ORDERED.**