Tom LUNDEEN, individually, and Nanette Lundeen, individually, and Tom Lundeen and Nanette Lundeen of, and as parents and natural guardians of Molly Lundeen, a minor, and Michael Lundeen, Plaintiffs,

v.

CANADIAN PACIFIC RAILWAY COMPANY, Canadian Pacific Limited, Canadian Pacific Railway Limited, and Soo Line Railroad Company, Defendants.

No. Civ. 04–3220RHKAJB.

United States District Court,
D. Minnesota.

Oct. 26, 2004.

Collin P. Dobrovolny and Bryan L. Van Grinsven, McGee, Hankla, Backes & Dobrovolny, PC, Minot, North Dakota, for Plaintiffs.

Timothy R. Thornton, Scott G. Knudson, and Kevin M. Decker, Briggs and Morgan, Minneapolis, Minnesota, for Defendants.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

This case (and thirty other "related" cases [1]) arises out of injuries sustained by the release of liquified anhydrous ammonia after a train derailment in North Dakota. Before the Court is plaintiffs' Motion for Remand and For Costs and Attorney's Fees. For the reasons stated below, the Court will deny the Motion.

### Background

Plaintiffs in this case are Tom and Nanette Lundeen, both individually and on behalf of Molly and Michael Lundeen (collectively, the "Lundeens"). Defendants are Canadian Pacific Railway Company, Canadian Pacific Limited, Canadian Pacific Railway Limited and Soo Line Railroad Company (collectively "CPR").

On January 18, 2002, a CPR freight train derailed just west of Minot, North Dakota. (Compl. ¶ VIII.) Several tank cars containing liquified anhydrous ammonia ruptured and released their contents into the surrounding environment. (*Id.*)

In June 2004, the Lundeens sued CPR in Minnesota state court alleging injuries and various claims for relief. Among their claims is the following:

1. *See* Exhibit A (attached).

*COUNT THREE*

## V.

The Defendant CPR violated applicable state law, both North Dakota and Minnesota, as well as United States law, resulting in the release of hazardous substances and which amount to contamination, pollution, unauthorized release of hazardous material and other violations of applicable "environmental laws" and for which Defendant CPR is strictly liable for damages occasioned thereby, including, but not limited to, personal injury, property damage, statutory penalties, actual attorney's fees, and other damages as specified in applicable environmental laws.

(*Id.* Count Three, ¶ V.)

In July 2004, CPR removed the case to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) and (b). In August 2004, the Lundeens moved to remand the case to state court on the ground that no federal question jurisdiction exists. (Pls.' Reply Mem. in Supp. of Mot. to Remand at 2.)[2]

### Standard of Review

A defendant may remove a matter from state court if that matter could have originally been brought in federal court, 28 U.S.C. § 1441(a), or if the federal court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, 28 U.S.C. § 1441(b).[3] The district court must, however, remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir.1993). When reviewing a motion to remand, a court must resolve all doubts concerning federal jurisdiction in favor of remand. *Id.* However, "[a] district court has no discretion to remand a claim that states a federal question" and the existence of a federal question is an issue of law. *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir.1996) (citations omitted).

### Analysis

The issue presented on the Lundeens' Motion for Remand is whether this Court has federal question jurisdiction based upon their allegations in Count Three, ¶ V. The Lundeens argue that they do not allege a federal question and request a remand to state court. (Pl.'s Reply Mem. in Supp. of Mot. to Remand at 2; Pl.'s Reply to Defs.' Resp. to Mot. to Remand at 2.) Conversely, CPR argues that the Lun-

---

**2.** This is not the first time that issues dealing with this train derailment have been before a judge in this District. Judge Montgomery remanded several derailment cases to state court on the ground that the state claims alleged therein were not completely preempted by federal law. *See Allende v. Soo Line R.R. Co., et al.*, Civ. No. 03–3093, slip op. at 32–33 (D.Minn. Jan. 29, 2004) (Report and Recommendation). Unlike the previous cases, however, complete preemption is not at issue in this case. And, as noted below, the previous cases do not allege violations of "United States law."

**3.** Section 1441(a) provides, in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

Section 1441(b) provides, in relevant part: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

deens allege a federal question—specifically, a question of federal environmental law—and oppose remand. (Defs.' Opp'n to Mot. to Remand at 1, 4.) The Lundeens respond that they did not intend to allege a violation of federal environmental law, and, even if they did, no federal environmental law would provide them with the relief they are requesting. (Pl.'s Reply Mem. in Supp. of Mot. to Remand at 3, 3 n. 3 (citing statutes and cases); Pl.'s Reply to Defs.' Resp. to Mot. to Remand at 2.)

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted). "When a federal question is present on the face of the complaint, the district court has original jurisdiction and the action may be removed to federal court." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir.1998) (citing *Caterpillar*, 482 U.S. at 392–93, 107 S.Ct. 2425). "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Gaming Corp.*, 88 F.3d at 543 (citing 28 U.S.C. § 1441); *see Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir.2000) ("A complaint that pleads violations of both state and federal law is within the original jurisdiction of a federal district court." (citations omitted)). But the plaintiff is "the master of the claim," *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425, and "can avoid removal to federal court by alleging only state law claims," *Gaming Corp.*, 88 F.3d at 542 (citation omitted). As such, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ The Court finds that the face of the Lundeens' Complaint states a federal question. The Complaint alleges that *"CPR violated applicable state law ... as well as United States law,* resulting in the release of hazardous substances and which amount to contamination, pollution, unauthorized release of hazardous material and other violations of applicable 'environmental laws'...."* (Compl. Count Three, ¶ V (emphasis added).) *Country Club Estates* is instructive. In that case, the Eighth Circuit found that the following allegation invoked federal jurisdiction:

> The Court order [referring to an order of the County Commission of Newton County, Missouri, purporting to establish the Town of Loma Linda] is further invalid because Relators were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri *and the Constitution of the United States of America,* including those provisions which prohibit the taking of property without due process of law, which process requires proper notice.

*Country Club Estates,* 213 F.3d at 1003 (alteration in original) (emphasis added). In finding federal question jurisdiction, the court observed that "[t]he reference to the Constitution of the United States is unequivocal." *Id.* It concluded that "here, the federal question arises not by way of defense, but on the face of the complaint. It is part of the plaintiffs' cause of action, as demonstrated by the words they themselves selected." *Id.* at 1004. Much like the allegation examined in *Country Club Estates,* the Lundeens' reference to "United States law" in Count Three, ¶ V is unequivocal. It is part of their cause of action as demonstrated by the words they themselves selected.

The Lundeens could have omitted the reference to "United States law" and alleged only state law claims—this would

have prevented removal to this Court. *See Gaming Corp.*, 88 F.3d at 542. As the Supreme Court has observed, "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425 (footnote omitted). While "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," *Merrell Dow*, 478 U.S. at 809 n. 6, 106 S.Ct. 3229 (citations omitted), the Court cannot say that the Lundeens have not advanced a theory of liability under federal environmental law. Accordingly, this Court "has no discretion to remand a claim that states a federal question." *Gaming Corp.*, 88 F.3d at 542 (citations omitted).

The Lundeens argue that their reference to "United States law" pertains to federal maintenance and repair regulations that CPR violated, causing the train to derail and spill ammonia in violation of state environmental laws. (Pls.' Reply Mem. in Supp. at 4–5.) The Court is not persuaded. It is not that this argument is beyond belief, but it does nothing to alter the Court's obligation to look to the face of the Complaint and determine whether a federal question is presented. *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; *Williams*, 147 F.3d at 702. Setting the Lundeens' argument to one side, a federal question appears *on the face* of Count Three, ¶ V. Plaintiffs' counsel cannot argue away the words written in the Complaint. Although the Lundeens contend that their Complaint is identical to those in the derailment cases previously remanded, so far as this Court can tell, none of those cases alleged a violation of "United States law." In sum, a reasonable reading of Count Three, ¶ V reveals that it asserts a federal question.

■ The Lundeens also argue that even if they alleged a violation of federal environmental laws, such laws generally do not provide a private right of action or allow recovery of personal injuries. (Pls.' Reply Mem. in Supp. at 3 n. 3; Pls.' Reply to Defs.' Resp. at 2–4.) Even if this argument is correct,[4] it is unavailing because it fails to recognize the distinction between the existence of a valid claim upon which the Lundeens could recover and the existence of subject matter jurisdiction. As the Supreme Court has explained:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional *power* to adjudicate the case.... As we stated in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," ... unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous...." Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy...."

*Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citations omitted)

---

**4.** The Court expresses no opinion on the mer-   its of this argument.

(emphasis in original); *see Caterpillar*, 482 U.S. at 391 n. 4, 107 S.Ct. 2425 (" 'The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy ....' " (citation omitted)); *United States ex rel. Foulds v. Texas Tech Univ.*, 171 F.3d 279, 288 (5th Cir.1999) ("A determination that the relevant statute creates no cause of action under which the plaintiff may proceed says nothing about a court's subject-matter jurisdiction over the suit." (citation omitted)). In this case, jurisdiction is not defeated by the possibility that the averments to "United States law" might fail to state a cause of action. *See Steel Co.*, 523 U.S. at 89, 118 S.Ct. 1003. Indeed, the absence of a valid cause of action "does not implicate subject-matter jurisdiction." *Id.* Thus, whether the Lundeens could actually recover under federal environmental law does not impact the question of jurisdiction.[5] Whether the federal environmental claims would be dismissed for failure to state a claim, and if they were dismissed, whether this Court would exercise its supplemental jurisdiction over the remaining state law claims, are questions for another day.[6]

## Conclusion

Based on the foregoing, and all of the files, records, and proceedings herein, IT IS ORDERED that the Lundeens' Motion for Remand and For Costs and Attorney's Fees (Doc. No. 6) is **DENIED**.[7]

### Exhibit A

The "related" cases are:

*Salling, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3221;

*Darveaux, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3222;

*Schafer, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3223;

*Wickman v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3224;

*Swenson, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3225;

*Behnkie, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3282;

*Carlson v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3283;

*Crabbe, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3284;

*Dahly, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3286;

*Duchsherer, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3287;

*Deutsch, et al. v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3288;

*Flick v. Canadian Pacific Railway Co., et al.*, Civ. No. 04–3290;

---

**5.** It is noteworthy that when it found federal question jurisdiction in *Country Club Estates*, the Eighth Circuit did not examine whether plaintiffs' constitutional claims would ultimately succeed or provide them with the relief they requested.

**6.** Citing *Merrell Dow*, the Lundeens argue that "a complaint that alleges a violation of a federal statute as an element of a state cause of action, when there is no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " (Pls.' Reply Mem. in Supp. of Mot. to Remand at 3 n. 3.) Unlike the plaintiffs in *Merrell Dow*, who alleged that a violation of federal law created a rebuttable presumption of negligence, 478 U.S. at 806, 106 S.Ct. 3229, however, the Lundeens do not allege a violation of federal environmental law as an element of a state cause of action. Rather, on the face of their Complaint, they allege a violation of federal environmental law as a cause of action in its own right.

**7.** Counsel have agreed that this Memorandum Opinion and Order will apply to each of the "related" cases identified in Exhibit A (attached). (*See* Pls.' Reply Mem. in Supp. of Mot. to Remand at 2 n. 2; Defs.' Opp'n to Mot. to Remand at 1 n. 1.)

*Gleason v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3291;

*Goerndt v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3292;

*Gross, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3293;

*Just v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3294;

*Korgel v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3295;

*McBride, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3296;

*Muhlbradt v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3297;

*Shigley v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3298;

*Smith, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3299;

*Todosichuk v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3300;

*Hingst v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3301;

*Freeman, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3303;

*Weltzin v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3304;

*Todd v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3305;

*Lakoduk v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3306;

*Westmeyer, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3307;

*Slorby v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3309; and

*Nisbet, et al. v. Canadian Pacific Railway Co., et al.,* Civ. No. 04–3311.