# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 10-1356

_____

Lisa Ritchie,

          Appellant,

v.

St. Louis Jewish Light; Larry
Levin,

          Appellees.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Missouri.
\*
\*    [PUBLISHED]
\*
\*

_____

Submitted: September 22, 2010
Filed: January 4, 2011

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

HANSEN, Circuit Judge.

Lisa Ritchie, a former employee of St. Louis Jewish Light, filed a federal court complaint against Larry Levin, Ritchie's supervisor, and St. Louis Jewish Light (collectively, appellees), pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215, claiming that her employment was terminated in retaliation for insisting on recording her overtime work. Appellees filed a motion to dismiss, which the district

court[1] granted, finding that informal FLSA complaints to one's employer are not protected. Ritchie appeals. Because we find that Ritchie's federal court complaint failed to state a claim, we affirm.

I.

Ritchie was employed at St. Louis Jewish Light in various capacities between February 2002 and September 2009. According to Ritchie, around May or June of 2009, Levin, the chief executive officer of St. Louis Jewish Light, asked her to perform work that previously had been performed by two employees. Ritchie stated that Levin asked her to perform the work without recording overtime. According to Ritchie's complaint, the work required that Ritchie perform overtime, which she recorded. Levin again instructed her to perform the work without recording overtime. When Ritchie continued to record the overtime, her employment was terminated. Ritchie asserts that this termination was in violation of the FLSA. She claims that her employment "was terminated in retaliation for her insistence of recording overtime." (Appellant's App. at 1.) She did not allege that she was not paid for the overtime she worked, and her counsel conceded at oral argument that she was in fact paid for all overtime work she performed.

Ritchie filed a complaint in the United States District Court, asserting a claim under the FLSA. The appellees filed a motion to dismiss, asserting that her complaint failed to state a claim. The district court granted the appellees' motion, finding that Ritchie did not state a claim of retaliation under the FLSA because she did not allege that she engaged in statutorily protected activity. Ritchie appeals, arguing that informal complaints to an employer trigger the anti-retaliation protection of the FLSA and that she was retaliated against for exercising her rights under the FLSA.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

## II.

We review a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. Carton v. Gen. Motors Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). In reviewing an appeal from a grant of a motion to dismiss, "we construe the complaint in the light most favorable to the nonmoving party." Id. "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" Northstar Indus., Inc. v. Merrill Lynch & Co., 576 F.3d 827, 832 (8th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The anti-retaliation provision of the FLSA makes it unlawful for any person

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

In granting the appellees' motion to dismiss, the district court analyzed the issue of whether "informal complaints" are covered by the FLSA's anti-retaliation provision. The district court acknowledged that the Eighth Circuit had not addressed the issue directly but held that Ritchie's "oral complaint to her employer concerning the failure to pay overtime is not protected activity under § 215(a)(3) of the FLSA." (Appellant's App. at 14.) On appeal, Ritchie argues that she made informal complaints to the

appellees about their requirement that she not record overtime hours and that she was fired for recording her overtime hours.

We need not decide today whether informal complaints are protected activity under the FLSA because there is nothing in Ritchie's verified federal court complaint that alleged that Ritchie made any sort of complaint to either Levin or St. Louis Jewish Light. The verified complaint alleged that:

> 7. Starting on or about May or June 2009, Levin asked Ritchie to perform work ("Work") [formerly] performed by two employees by herself which Ritchie commenced to do.
> 8. Levin asked Ritchie to perform the Work without recording overtime.
> 9. The Work required that Ritchie perform overtime hours (more than 40 hours in a week) ("Overtime") which Ritchie recorded.
> 10. Levin complained to Ritchie about her recording the Overtime and again requested that she perform the Work without recording overtime.
> 11. When Ritchie continued to record the Overtime, she was terminated by Levin and [St. Louis Jewish Light].

(Appellant's App. at 1-2.)

Even assuming that informal complaints are sufficient to trigger the anti-retaliation provision of the FLSA, a legal conclusion we do not make, Ritchie failed to allege sufficient facts to indicate that she made even an informal complaint to either Levin or St. Louis Jewish Light. The only complaining asserted in her pleading goes the other way—Levin complaining to Ritchie. Ritchie asserts that she complained pursuant to the FLSA when she gave "Levin notice that she believed Levin's instructions were a violation of the law because she, in fact, recorded the overtime hours in writing despite his orders not to record them." (Appellant's Reply Br. at 4.) In fact, rather than constituting an affirmative complaint that would trigger the anti-retaliation provision of the FLSA, her recording of her overtime could be nothing more than mere insubordination, she having been instructed to the contrary.

Insubordination is not protected under the FLSA, and insubordination is not sufficient to trigger the anti-retaliation provision in 29 U.S.C. § 215(a)(3). As appellees' counsel noted at oral argument, if merely recording one's overtime is a "complaint" that triggers the anti-retaliation provision of the FLSA, an employer would not be able to discipline an employee for working unauthorized overtime so long as the employee recorded the overtime.

As the Supreme Court has recently said, the plausibility standard, which requires a federal court complaint "to state a claim to relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

To establish a prima facie case of retaliation under the FLSA, Ritchie would have to show that she participated in statutorily protected activity, that the appellees took an adverse employment action against her, and that there was a causal connection between Ritchie's statutorily protected activity and the adverse employment action. See Grey v. City of Oak Grove, 396 F.3d 1031, 1034-35 (8th Cir. 2005). The facts pleaded in Ritchie's complaint do not permit us to infer more than the mere possibility of misconduct. Thus, Ritchie's complaint merely alleged, but did not show, that Ritchie is entitled to relief.[2]

Thus, the district court did not err in granting the appellees' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Carton, 611 F.3d at 454.

---

[2]In fact, we note that the complaint alleged only that Levin instructed her to stop recording overtime. Levin could merely have been instructing Ritchie to complete the work required by the job within a 40-hour workweek and to stop working overtime altogether.

## III.

Accordingly, the judgment of the district court is affirmed.

_____