# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1588

_____

| | | |
|---|---|---|
| Joseph Van Zee, | * | |
| | * | |
| Plaintiff - Appellant, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Marilyn Hanson, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: November 15, 2010
Filed: January 18, 2011

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Joseph S. Van Zee sued Marilyn Hanson under 42 U.S.C. § 1983, alleging that she violated his Fourteenth Amendment rights by disclosing his juvenile records to an Army recruiter. The district court[1] dismissed the complaint for failure to state a claim upon which relief could be granted. *Van Zee v. Hanson*, No. CIV. 09-3007, 2010 WL 653430, at *3 (D.S.D. Feb. 22, 2010). This court affirms.

---

[1]The Honorable Charles B. Kornmann, Senior United States District Judge for the District of South Dakota.

Van Zee enlisted in the Army in early 2008. In June, his recruiter advised him that he could begin basic training after completion of a background check. Van Zee then executed two blank release forms: one for law enforcement records, the other for probation officer and court records. The Army recruiter sent these forms to law enforcement and court agencies where Van Zee had resided, including to the Court Services Office of the Sixth Judicial District of South Dakota. The Chief Court Services Officer responded on July 2 that under South Dakota Law, Van Zee's juvenile records could not be disclosed. On July 9, the recruiter contacted Hanson, Clerk of Courts for Hyde County, South Dakota, requesting Van Zee's juvenile records. After Hanson disclosed Van Zee's juvenile records, the recruiter notified him that his enlistment was canceled.

The district court ruled that Van Zee did not state a claim under 42 U.S.C. § 1983 because Hanson's actions did not violate his right of privacy. This court reviews de novo the grant of a motion to dismiss for failure to state a claim, granting all reasonable inferences in favor of the non-moving party. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 472 (8th Cir. 2009) (en banc).

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

Van Zee claims that Hanson's conduct violated his right of privacy under the Fourteenth Amendment. "[T]o violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . . , or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (internal quotation omitted). "To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material

. . . to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996). The district court concluded that Van Zee lacked a legitimate expectation of privacy in his juvenile records due to his signed release forms, and that Hanson's disclosure was neither shockingly degrading nor egregiously humiliating.

Van Zee argues that because the pleadings do not include his release forms, the district court's reliance on them converted Hanson's motion to dismiss into a motion for summary judgment, without permitting him the opportunity to respond. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." **FED. R. CIV. P. 12(d)**. "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "[C]onstructive notice that the court intends to consider matters outside the complaint can be sufficient." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000). "Consideration of matters outside the pleading is harmless where the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." *BJC Health Sys. v. Columbia Gas Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (internal quotation omitted).

Van Zee had (at least) constructive notice that the district court intended to consider matters outside the complaint when the court, by memorandum to counsel in August 2009, requested copies of any release forms Van Zee signed when enlisting in the Army. Van Zee's counsel responded, forwarding copies of Van Zee's signed forms. The court dismissed Van Zee's complaint in February 2010. Van Zee had an adequate opportunity to respond to the motion.

According to Van Zee, the district court deprived him of the opportunity to dispute whether Hanson received a copy of the release, and if so, the legal effect of

it. While these issues might affect whether Hanson committed a common-law tort or violated South Dakota law, they have no effect on whether she violated Van Zee's Fourteenth Amendment rights. To demonstrate a breach of privacy amounting to a constitutional violation, Van Zee must allege facts showing a legitimate expectation that his juvenile records would not be disclosed to the recruiter. Van Zee does not dispute that he told the recruiter he had a juvenile record and signed forms requesting the release of his juvenile records to the recruiter. The undisputed facts indicate Van Zee expected his juvenile records to be disclosed as part of his background check. Any Rule 12(d) error committed by the district court was harmless. *Cf.* ***Ginsburg v. InBev NV/SA***, 623 F.3d 1229, 1236 (8th Cir. 2010) (affirming judgment on the pleadings where, regardless of any Rule 12(d) violation, "no amount of additional Rule 56 procedure would cure" the flaw in plaintiff's case).

Van Zee also claims a due process property interest in the continued confidentiality of his juvenile records because South Dakota law prohibits disclosure of juvenile records except in limited circumstances. *See* ***Town of Castle Rock v. Gonzales***, 545 U.S. 748, 756 (2005) (explaining that a due process property interest is an entitlement "created and . . . defined by . . . understandings that stem from an independent source such as state law.") (internal quotation omitted). Van Zee cites ***Soucie v. County of Monroe***, 736 F. Supp. 33 (W.D.N.Y. 1990), which recognized a privacy right in juvenile records that were protected by state law. *Soucie* acknowledged, however, that the plaintiffs' privacy claim "depends upon whether the plaintiff had a reasonable expectation of privacy in the information." ***Soucie***, 736 F. Supp. at 36. Van Zee had no such expectation, because, unlike the plaintiffs in *Soucie*, he requested that his juvenile records be disclosed. This court need not determine whether Van Zee had a property interest in the confidentiality of his juvenile records, because he waived any interest he might have had.

The judgment of the district court is affirmed.

_____