# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3712

_____

| | |
|---|---|
| Rosalind R. Brooks, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Midwest Heart Group, now known as | * |
| St. John's Mercy Heart and | * |
| Vascular, LLC, | * |
| | * |
| Appellee. | * |

_____

Submitted: June 16, 2011
Filed: September 9, 2011

_____

Before BYE and MELLOY, Circuit Judges, and SMITH CAMP,[1] District Judge.

_____

BYE, Circuit Judge.

Rosalind Brooks appeals the dismissal of her action against a former employer alleging race, sex, and age discrimination and retaliation in violation of Title VII. The district court concluded Brooks has not filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of her termination, as required to exhaust her claim, see 42 U.S.C. § 2000e-5(e)(1), and therefore

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, sitting by designation.

dismissed the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the district court rested its factual conclusions on matters outside the pleadings, it erred by failing to convert the employer's motion into one for summary judgment under Federal Rule of Civil Procedure 56. This error did not prejudice Brooks with regard to her claims of age discrimination and retaliation, so we affirm the district court's dismissal in this respect. Because the error was prejudicial with respect to the remaining claims of race and sex discrimination, however, we reverse the district court's dismissal of these claims and remand for further proceedings.

I

Brooks, a forty-five-year-old African American female, was terminated from her position as a cardiac sonographer at the Midwest Heart Group in April 2007. Three years later, on May 3, 2010, she sued Midwest, alleging race, sex, and age discrimination, as well as retaliation in violation of Title VII. In the part of the complaint addressing administrative exhaustion, Brooks averred that on May 10, 2007, she "timely filed charges of Employment Discrimination before the US EEOC in Charge No. 560-2007-01750 charging Defendants with acts of discrimination, as enumerated infra." Compl. ¶ 4. Although she did not enclose a right-to-sue letter from the EEOC, attached to the complaint was a notice of right to sue from the Missouri Commission of Human Rights (MCHR), issued on March 11, 2010. That notice stated Brooks had "dual-filed" charges of discrimination with both the MCHR and the EEOC, and "the EEOC has completed their [sic] processing of your complaint and issued a notice of your right to sue." Joint App'x (JA) at 9.

Through its own investigation, Midwest obtained a Charge of Discrimination Information Form which Brooks filed with the EEOC. It was unclear, however, exactly when this form was filed with the Commission. While the form was signed and dated by Brooks on May 10, 2007, it bore an official EEOC date-stamp of January

-2-

28, 2010. The EEOC's Notice of Right to Sue was issued on February 10, 2010, and it indicated that "[l]ess than 180 days have passed since the filing of this charge." JA at 28. The only bases of discrimination mentioned in the Charge of Discrimination Information Form were race and sex.

Midwest moved to dismiss Brooks's complaint as time-barred on the grounds Brooks did not file a charge of discrimination with the EEOC within 300 days of termination, as required by 42 U.S.C. § 2000e-5(e)(1). Brooks responded with an affidavit and various letters between her, her counsel, and the EEOC officials. She alleged she had filed the EEOC Charge of Discrimination Information Form uncovered by Midwest on May 10, 2007, and not on January 28, 2010, as the EEOC's date stamp suggests. At the time she filed the form, Brooks explained, she was not represented by counsel. Brooks acknowledged that sometime in 2007 she missed a phone call from the EEOC employee Cindy Biscelli, who wished to interview Brooks regarding her EEOC filing. Although she tried to return Biscelli's call numerous times and even contacted Biscelli in writing, all such efforts were unavailing.

On July 12, 2007, Brooks retained the services of attorney David Swimmer, who requested copies of all documents in Brooks's EEOC file in July 2007, and then again in June and September 2009. The EEOC did not respond to any of Swimmer's inquiries. In the meantime, Brooks continued to contact the EEOC by phone and mail on her own. Her attempts did not yield any results until September 2009, when she finally reached Maggie McFadden, supervisory investigator at the EEOC St. Louis District Office. McFadden denied having any paperwork from Brooks, although she acknowledged receipt of Swimmer's document request in the summer of 2009. It took Brooks four more months to meet with McFadden personally. During an in-person meeting in January 2010, Brooks gave McFadden a copy of the Charge of Discrimination Information Form Brooks dated May 10, 2007, which she allegedly obtained from Swimmer's office. McFadden stood by her previous assertion the

EEOC had never received this form, adding that the only record of Brooks's case in the EEOC system was some questionnaire filed under number 506-2007-01750N.

At some point during this prolonged saga, either Swimmer or Brooks complained of the EEOC's inaction to Congressman Wm. Lacy Clay. Responding to Clay's inquiry of October 27, 2009, EEOC St. Louis District Director James Neely offered the following explanation for the absence of any records from the EEOC:

> Ms. Brooks filed an inquiry with this office by completing and submitting a questionnaire on May 23, 2007. The inquiry was reviewed and assigned to an investigator for the purpose of conducting an interview with Ms. Brooks on July 26, 2007. Attempts to schedule an interview with Ms. Brooks were unsuccessful and the inquiry was closed on October 28, 2007.
>
> This office has no record of any contacts with Ms. Brook [sic] until her attorney contacted this office on June 17, 2009, requesting a copy of her file and her right to sue. Mr. Swimmer was advised that no charge had been filed for her and in accordance with the agency's procedures on recordkeeping, if no charge is filed the records are destroyed within ninety (90) days from the date of closure.

JA at 51.

After reviewing the parties' submissions, the district court granted Midwest's motion to dismiss. The court concluded the Charge of Discrimination Information Form filled out by Brooks satisfied the requirements of administrative exhaustion under Title VII, but was not filed until January 28, 2010, more than 300 days after her termination. The court predicated this conclusion on the EEOC's January 28, 2010, date stamp on the Charge of Discrimination form and the language in the EEOC's right-to-sue letter indicating that less than 180 days had passed since the filing of the charge. Albeit characterizing the case as "an extremely close call," the court also denied Brooks's request for equitable tolling of the 300-day deadline. In justification,

the court cited a pattern of dilatory conduct by Brooks's counsel documented in the correspondences between Brooks, Swimmer, and representatives of the EEOC. This appeal followed.

II

We review a dismissal for failure to state a claim de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmovant. Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011). Consideration on a motion under Rule 12(b)(6) is limited to initial pleadings, and if the court considers matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56. Van Zee v. Hanson, 630 F.3d 1126, 1129 (8th Cir. 2011).

Title VII "establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). In order to exhaust administrative remedies, a claimant must file a timely charge of discrimination with the EEOC. Worthington v. Union Pac. R.R., 948 F.2d 477, 479 (8th Cir. 1991). In Missouri, this obligation must be discharged within 300 days of the employee's termination. See 42 U.S.C. § 2000e-5(e)(1) (establishing a 300-day filing period if the charging party "institute[s] proceedings with a State or local agency with authority to grant or seek relief" from unlawful employment practices); Olson v. Rembrandt Printing Co., 511 F.2d 1228, 1230 n.4 (8th Cir. 1975), overruled on other grounds by Mohasco Corp. v. Silver, 447 U.S. 807, 814 n.16 (1980) (describing Missouri as one of the "deferral" states in which 300-day limit applies). A claim may not be dismissed under Rule 12(b)(6) or Rule 56 where questions of material fact exist as to the timeliness of the complainant's efforts to exhaust it. See Jensen v. Henderson, 315 F.3d 854, 859 (8th Cir. 2002); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475-76 (7th Cir. 2009).

In this case, the district court erred in granting Midwest's motion to dismiss without converting it into one for summary judgment under Rule 56. With some exceptions, we have required strict compliance with the rule that a motion to dismiss must be converted into a motion for summary judgment if a party and the court rely on materials outside the pleadings. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000). To afford the opposing party an opportunity "to rebut what has become a motion for summary judgment," the court must give all parties reasonable notice that conversion is occurring. Id.; see also Fed. R. Civ. P. 12(d). That way, a party prejudiced by the conversion can produce affirmative evidence to counter the movant's allegations or file an affidavit under Rule 56(f) requesting more time to obtain such evidence in order to resist the motion. See Fed. R. Civ. P. 56(d); Silver v. H&R Block, Inc., 105 F.3d 394, 395-96 (8th Cir. 1997).

These procedures were not observed here, even though the district court actively relied on various extra-pleading materials to arrive at its conclusions. Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002) (failure to convert can be excused where the court does not consider any matters beyond initial pleadings). Particularly in its rejection of equitable tolling, the court considered information contained in Brooks's letters to counsel, Neely's letter to Representative Clay, correspondences from Swimmer, and Brooks's own affidavit. The district court erroneously assumed no conversion was necessary because it was "only determining whether plaintiff has alleged sufficient facts to establish that she timely filed a charge with the EEOC; and not adjudicating the merits of the facts or resolving factual disputes." JA at 69 n.1. But we are not aware of any "exhaustion" exception to the requirement of conversion under Rule 12(d). Perhaps the court could avoid conversion if, in addition to pleadings, it considered only matters of public record, Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007), but the sources considered by the court here went far beyond the matters of public record.

The court's actions deprived Brooks of the opportunity to develop the record more fully. See Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 949-50 (8th Cir. 1999) (explaining conversion to Rule 56 might not be necessary where a nonmoving party is not prejudiced by not having an opportunity to respond). If proper notice were given, Brooks could have attempted to interview the EEOC personnel and perhaps her former employer to clarify the contents of the "questionnaire" which, everyone agrees, was filed with the EEOC in May of 2007. Even if the questionnaire fell short of the adequate "charge" of discrimination at the outset, Brooks's 2010 submission could cure the initial defect and relate back to 2007. See Edelman v. Lynchburg Coll., 535 U.S. 106, 110 n.2 (2002) (validating the EEOC regulation in 29 C.F.R. § 1601.12(b), which permits an otherwise timely charge to be amended later to "cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein"). Discovery could also help Brooks develop facts relevant to her eligibility for equitable tolling. See Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994) (stating equitable tolling is permitted in Title VII actions).

In addition, the court did not give due weight to the allegation in Brooks's affidavit that she filed the Charge of Discrimination Information Form with the EEOC on May 10, 2007. See JA at 30. No one disputes this form represents a proper "charge" of discrimination for the purposes of Title VII exhaustion. Nor can one reasonably argue Brooks's allegation is so implausible as to be disregarded. See Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 715-16 (8th Cir. 2011) (requiring factual allegations to be of such nature as to state a claim to relief that is "plausible on its face"). After all, the form was signed and dated on May 10, 2007, around the same time as Brooks filed some sort of a questionnaire with the EEOC. To substantiate her claim, Brooks produced a copy of the same form, sans the EEOC date stamp, which she and her attorney presumably kept in Brooks's personal file. The court was required to accept Brooks's specific allegations as true, whether on a motion for summary judgment or a motion to dismiss for failure to state a claim.

Considered through the appropriate prism of Rule 12(b)(6), there is no doubt that, as to Brooks's claims of race and sex discrimination, the statement in Brooks's complaint that she "timely filed charges of Employment Discrimination before the US EEOC" was sufficient to meet the liberal pleading standard of Rule 8(a). See Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007). However, we agree with the district court's observation that Brooks's claims of age discrimination and retaliation remain unexhausted, no matter what the standard. Even with all inferences drawn in favor of Brooks, her claim with the EEOC mentions only discrimination on the basis of race and sex; the boxes for age and retaliation discrimination remain unchecked. An employee may not bring allegations in a Title VII action if they go beyond those that "could reasonably be expected to grow out of the charge of discrimination" filed with the EEOC. Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671-72 (8th Cir. 1994). Since Brooks's charge does not allege any age discrimination or retaliation and these two types of discrimination are unrelated to race and sex discrimination, they remain unexhausted and were properly dismissed. See Wallin v. Minn. Dep't of Corrs., 153 F.3d 681, 688 (8th Cir. 1998).

III

For these reasons, we affirm dismissal of Brooks's claims alleging age discrimination and retaliation, but reverse dismissal of claims alleging race and sex discrimination and remand for further proceedings.

_____