# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1977

_____

Leslie Montgomery

*Plaintiff - Appellant*

v.

Kyle Havner, Kathy Havner, Havner Law Firm, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas, Pine Bluff Division

_____

Submitted: November 12, 2012
Filed: November 26, 2012

_____

RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

Leslie Montgomery appeals the district court's[1] adverse grant of summary judgment to Kyle Havner, Kathy Havner, and Havner Law Firm, P.A. (collectively,

_____

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Havners) on Montgomery's claim the Havners retaliated against her, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. We affirm.

## I. BACKGROUND[2]

Before September 2010, attorney Kyle Havner practiced at a private law firm in Pine Bluff, Arkansas, with Montgomery as his paralegal. In September 2010, Kyle Havner left the firm to open his own practice. In October 2010, Montgomery came to work for Kyle Havner at the Havner Law Firm. Kyle Havner's wife, Kathy, was the office manager for the firm. Beginning early in Montgomery's employment at the Havner Law Firm, Montgomery and Kathy Havner had disagreements such as Montgomery's choice of dress and use of Facebook during work hours. The Havners also were upset when Montgomery and her boyfriend entered the office after hours to use the internet.

At approximately 4:45 p.m. on June 16, 2011, Montgomery reached what she considered to be a good stopping point in her work and cleaned her desk in preparation for closing when Kathy Havner came into the office and observed Montgomery not working. At 4:55 p.m., Kathy Havner told Montgomery and the other two employees in the office they could leave for the day and she would clock them out. Montgomery learned from another employee that Kathy Havner clocked Montgomery out at 4:45 p.m. and clocked the other two employees out ten minutes later.

When Montgomery got home, she called Kathy Havner to ask why Montgomery had been clocked out at 4:45 p.m. According to Montgomery, this conversation was civil and "ended nicely" with Kathy Havner agreeing to adjust

---

[2]The pertinent facts here are generally undisputed, and we construe those facts with any reasonable inferences in the light most favorable to Montgomery. See Chivers v. Wal-Mart Stores, Inc., 641 F.3d 927, 932 (8th Cir. 2011).

Montgomery's clockout time. Kathy Havner called Montgomery back a short time later to discuss a different office issue involving another employee taking breaks. The parties agree this conversation became heated. Soon after this heated conversation, Kyle Havner called Montgomery and terminated her employment with the firm.

Montgomery sued the Havners for retaliation in violation of the FLSA. The district court granted the Havners' motions for summary judgment, concluding Montgomery failed to establish a prima facie case of retaliation under the FLSA because no reasonable jury could find Montgomery's call to Kathy Havner to inquire why she docked Montgomery's pay by ten minutes constituted "filing a complaint" under the FLSA. Montgomery appealed the district court's summary judgment.

## II.    DISCUSSION

"We review de novo the district court's summary judgment order." Specht v. City of Sioux Falls, 639 F.3d 814, 819 (8th Cir. 2011) (quoting Yon v. Principal Life Ins. Co., 605 F.3d 505, 509 (8th Cir. 2010)). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The FLSA sets forth rules concerning, among other things, minimum wages and overtime pay. See 29 U.S.C. § 201 et seq. The FLSA also contains an antiretaliation provision making it unlawful

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

-3-

In order to demonstrate a prima facie case of retaliation under the FLSA, Montgomery must show (1) she participated in a statutorily protected activity, (2) the Havners took adverse employment action against her, and (3) there was a causal connection between Montgomery's statutorily protected activity and the adverse employment action. See Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011).

> To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones.

Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. ___, ___, 131 S. Ct. 1325, 1335 (2011).[3]

Montgomery asserts calling to inquire why her supervisor docked ten minutes from her time card constitutes filing a complaint under 29 U.S.C. § 215(a)(3) and is a statutorily protected activity. As the district court did, we accept the material facts of this conversation from Montgomery's perspective. See Chivers, 641 F.3d at 932. Montgomery asked about the supervisor's decision, and the supervisor explained the deduction. Montgomery then explained her side of the ten-minute story, and the supervisor, Kathy Havner, agreed to change Montgomery's clockout time, returning the ten minutes. As Montgomery declared, "we just ended nicely."

---

[3]The Kasten Court did not resolve the issue of whether a complaint made only to a private employer and not to the government is sufficient under the antiretaliation provision of the FLSA. Kastan, 563 U.S. at ___, 131 S. Ct. at 1336. The parties have not raised this issue, and we assume, without deciding, a complaint to a private employer is sufficient.

No reasonable jury could conclude Montgomery's discussion with Kathy Havner about the ten-minute deduction was a sufficiently clear and detailed FLSA complaint for the Havners reasonably to understand Montgomery was alleging an FLSA violation.

## III.  CONCLUSION

The district court did not err in deciding Montgomery failed to establish a prima facie case of retaliation under the FLSA.  We affirm.

———————————————