# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2165

_____

Calvin Hammock

*Plaintiff - Appellant*

v.

Brad Jensen, Individually and in his capacity as a City of Davenport Police Officer; Samuel Miller, Individually and in his capacity as a City of Davenport Police Officer; Epigmenio Canas, Individually and in his capacity as a Detective with City of Davenport Police; Jason Smith, Individually and in his capacity as a Sargeant with City of Davenport Police; Patrick Sievert, Individually and in his capacity as a City of Davenport Police Officer; Austin Kean, Individually and in his capacity as a Detective with the City of Davenport Police; James Quick, Individually and in his capacity as a City of Davenport Police Officer; Christopher Mahieu, Individually and in his capacity as a City of Davenport Police Officer; Frank Donchez, Individually and in his capacity as Chief of Police for the City of Davenport; Bill Gluba, Individually and in his capacity as Chief Executive Officer for the City of Davenport; City of Davenport, Iowa In capacity as a Municipal Corporation of the State of Iowa; Davenport Police Department, In capacity as a branch of the municipal corporation Davenport in the State of Iowa; Genesis Health System; Dr. Steven Bashor, Genesis Health System; Unknown Nurse, Genesis Health System; Kelly Cunningham, Individually and in her capacity as an assistant county attorney in the county of Scott, State of Iowa; Michael Walton, in his capacity as county attorney for the county of Scott in the state of Iowa; County of Scott, Filed as The County of Scott, in collective capacity as an agency on the State of Iowa, and individual capacity under Home Rule authority; State of Iowa

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 3, 2014
Filed: January 9, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Calvin Hammock brought an action under 42 U.S.C. §§ 1983 and 1985 and Title II of the Americans with Disabilities Act arising out of his detention and arrest and criminal charges brought against him that were later dismissed. Upon defendants' various motions, the District Court[1] dismissed some defendants and claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim) and the remainder under Rule 56 (summary judgment). Upon de novo review, see Bernini v. City of St. Paul, 665 F.3d 997, 1002–03 (8th Cir.) (Rule 56), cert. denied, 133 S. Ct. 526 (2012); Brooks v. Midwest Heart Grp., 655 F.3d 796, 799 (8th Cir. 2011) (Rule 12(b)(6)), and careful consideration of Hammock's arguments for reversal, we affirm for the reasons stated by the District Court.

_____

_____

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.